UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **DANIEL CARR,** | ) |
| **Plaintiff,** | ) |
| v. | ) Civil Action No. |
| | ) 23-13122-FDS |
| **SEEKONK POLICE DEPARTMENT, et al.,** | ) |
| **Defendants.** | ) |

### MEMORANDUM AND ORDER

**SAYLOR, C.J.**

This is an action against the Seekonk Police Department, the New Bedford Police Department, the Bristol County Probate and Family Court, and the Massachusetts Departments of Probation and of Criminal Justice Information Services. The complaint asserts claims arising out of child-custody proceedings concerning the minor son of plaintiff Daniel Carr. Plaintiff is proceeding *pro se*.

Plaintiff has filed a motion for leave to proceed *in forma pauperis* and an emergency motion seeking various forms of relief. For the reasons stated below, the Court will grant the motion to proceed *in forma pauperis*; dismiss this action for failure to state a claim upon which relief can be granted; and deny the emergency motion as moot.

**I.     Motion for Leave to Proceed *In Forma Pauperis***

Upon review of plaintiff's motion for leave to proceed *in forma pauperis*, the Court concludes that he has adequately demonstrated his inability to prepay the filing fee. Accordingly, that motion will be granted.

## II.    Review of the Complaint

Federal law authorizes a federal district court to dismiss an *in forma pauperis* complaint *sua sponte* if it asserts claims that are frivolous, malicious, fail to state a claim on which relief can be granted, or seek monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  Although "dismissal on the court's own initiative, without affording the plaintiff either notice or an opportunity to be heard . . . is disfavored in federal practice," "[i]f it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile," then a dismissal *sua sponte* is appropriate.  *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 36-37 (1st Cir. 2001).  In conducting that review, the court must liberally construe the complaint if the plaintiff is proceeding *pro se*.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

The complaint here was submitted on the pre-printed form, Pro Se 1 (Complaint for a Civil Case), that is provided by the Administrative Office of the United States Courts.  It alleges that plaintiff is a licensed independent clinical social worker; in the case caption of the complaint, he identifies himself as "EOHHS-DPH-MA-LICSW122624 Daniel E. Carr."  In the section of the complaint concerning the basis of jurisdiction for diversity of citizenship, he identifies himself as both an individual and as a "corporation" identified as "EOHHS-DPH-MA-LICSW122624 Daniel E. Carr."  Compl. at § II(B)(1).

The complaint asserts a civil rights claim under 42 U.S.C. § 1983, as well as civil claims under the following federal criminal statutes:  18 U.S.C. § 371 (conspiracy to commit offense or to defraud the United States); 18 U.S.C. § 1001 (making false and misleading statements); 18 U.S.C. § 1030 (fraud and related activity in connection with computers); 18 U.S.C. § 1038 (false

information and hoaxes); 18 U.S.C. § 1201 (kidnapping); 18 U.S.C. § 2384 (seditious conspiracy); and 18 U.S.C. § 3729 (false claims). *Id.* at § II(A).

The complaint alleges that "the kidnapping of [plaintiff's] child and fraud of court including computer entry CJIS fraud[,] child abuse charges have led to [incomprehensible] damage to reputation, career, business, and have nearly entirely subverted [his] HHS agency." Compl. at § II(B)(3).  The statement of claim alleges that (1) the Seekonk Police removed the minor child from plaintiff in March 2023 despite plaintiff having sole physical custody pursuant to a 2021 judgment of divorce; (2) the Bristol County Court and associates entered a fraudulent order against him in August 2023; (3) a lien of $23,000 for non-payment of child support was entered against him; and (4) he was arrested by the New Bedford police while picking up the minor child from school on December 1, 2023.

For relief, the complaint seeks to have this court order the return of plaintiff's minor child and expunge a February 1, 2023 criminal charge by the New Bedford police for violation of a restraining order.  In the emergency motion, plaintiff seeks to have this court order the Seekonk Police Department to retrieve and return the minor child.

**III.**     **Discussion**

As an initial matter, plaintiff cannot bring a civil lawsuit based upon the alleged violation of federal criminal statutes.  A private citizen "'has no authority to initiate a federal criminal prosecution,' nor to seek other relief based on alleged violations of federal criminal statutes." *Diaz v. Perez*, No. 16-11860-RGS, 2016 WL 6871233, at *5 (D. Mass. Nov. 21, 2016) (citing *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989)).  The federal criminal statutes referred to in the complaint do not confer a private right of action. *Cent. Bank of Denver v. First Interstate Bank of Denver*, 511 U.S. 164, 190 (1994) (refusing to infer a private right of action from a "bare

criminal statute"); *see also e.g., Horn v. Brennen*, 840 F. Supp. 2d 576, 582 (E.D.N.Y. 2011) (criminal conspiracy under 18 U.S.C. § 371 does not provide for a private cause of action); *Nasuti v. U.S. Sec'y of State John Forbes Kerry*, 137 F. Supp. 3d 132, 141 (D. Mass. 2016) (18 U.S.C. § 1001 is a "criminal statute[ ] which contain[s] no explicit or implicit private right of action."); *Carmichael v. Cnty. of San Diego*, No. 19-cv-01750-GPC-AGS, 2019 WL 6716728, at *6 (S.D. Cal. Dec. 10, 2019) (no private right of action under 18 U.S.C. § 2384).  Therefore, the complaint fails to state a claim under the federal criminal statutes.

As to the claims under 42 U.S.C. § 1983, the complaint fails to state a claim upon which relief can be granted.  Generally speaking, Section 1983 provides a remedy for the violation of federal right by a person acting under the color of state law.[1]  The entities identified as defendants in the complaint are not entities that can be sued under Section 1983.  It is well-established that a state is not amenable to suit under 42 U.S.C. § 1983 because a state is not a "person" within the meaning of that statute.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  Because the Bristol County Probate and Family Court, the Massachusetts Department of Probation and the Massachusetts Department of Criminal Justice Information Services are arms of the State, they are immune from federal suit under the Eleventh Amendment to the United States Constitution.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989).

The claims against the two police departments must likewise be dismissed.  For purposes of a section 1983 action, a police department is "considered a non-person" and, therefore, "is not a suable entity."  *Curran v. City of Boston*, 777 F.Supp. 116, 120 (D. Mass. 1991); *see also*

---

[1] "42 U.S.C. § 1983 . . . furnishes a cause of action against any person who, while acting under color of state law, transgresses someone else's constitutional rights." *Alfano v. Lynch*, 847 F.3d 71, 74 n.1 (1st Cir. 2017) (citing *Kalina v. Fletcher*, 522 U.S. 118, 123 (1997)).

*Cronin v. Town of Amesbury*, 895 F. Supp. 375 (D. Mass. 1995) (granting summary judgment in favor of town police department as not a proper defendant in a § 1983 action).

Furthermore, and in any event, to the extent the complaint alleges that the police department defendants failed to follow a state court order, "[i]t is well established that a state actor's failure to observe a duty imposed by state law, standing alone, is not sufficient to establish a § 1983 claim." *Fournier v. Reardon*, 160 F.3d 754, 757 (1st Cir. 1998). And the court cannot order that criminal charges be expunged, because civil lawsuits may not be used to collaterally attack criminal convictions. *See Heck v. Humphrey*, 512 U.S. 477 (1994).[2] "Just as a cause of action for malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor, so also a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Heck*, 512 U.S. at 489–90 (internal citations omitted)); *see McDonough v. Smith*, 139 S. Ct. 2149, 2156–57 (2019) ("McDonough could not bring his fabricated-evidence claim under § 1983 prior to favorable termination of his prosecution . . . . Because a civil claim such as McDonough's, asserting that fabricated evidence was used to pursue a criminal judgment, implicates the same concerns, it makes sense to adopt the same rule [as the one we enunciated in *Heck*]."(internal citations omitted)). Among other things, this federal court cannot order the expungement of charges because the complaint does not allege that the criminal prosecution against him terminated in plaintiff's favor.

---

[2] In *Heck*, the Supreme Court held that "to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck*, 512 U.S. at 486–87.

Finally, even assuming that the complaint had sufficiently alleged the violation of a federal constitutional right by a state actor subject to suit under Section 1983, this court would abstain under the *Younger* doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971). *Younger* abstention is warranted where a federal court is asked to interfere with certain "civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 591 (2013) (citations omitted). Because the state-court proceedings fall within a class of cases for which *Younger* abstention is required, and there is no exception that would counsel against *Younger* abstention in this case, this court would necessarily refrain from exercising jurisdiction.

Accordingly, and pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), the action will be dismissed for failure to state a claim.

### IV. Order

For the foregoing reasons, it is hereby ordered as follows:

1. The Motion for Leave to Proceed *In Forma Pauperis* is GRANTED;

2. The complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and

3. The Emergency Motion is DENIED as moot.

The clerk is directed to enter a separate Order of Dismissal.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Dated:  January 2, 2024　　　　　　　　　　　Chief Judge, United States District Court